United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LESLIE BINSHYANG SONG,

    Plaintiff,

  v.

SHYUE YIH CHANG,

    Defendant.

No. C 05-03041 CRB

**ORDER OF DISMISSAL**

Now before the Court is plaintiff's application to proceed *in forma pauperis* ("IFP"). A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable plaintiff to prosecute the action.

Viewing plaintiff's application in isolation, it appears that he should be allowed to proceed IFP. A court is under a continuing duty, however, to dismiss a case whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-- (iii).

Plaintiff is a physician. He alleges that while he was working as an intern at Taipei Veterans General Hospital in Taiwan in the 1980's he was treated by defendant, a surgeon,

for treatment of snoring. Plaintiff claims that defendant intentionally created a severe upper airway obstruction and that this intentional conduct caused plaintiff to become permanently disabled. He appears to contend that defendant engaged in such "mayhem" because defendant was anti-American.

Plaintiff's complaint must be dismissed. First, he does not identify under what law or statute he makes his claims. Although his complaint sounds in medical malpractice, his complaint states that it is "an intentional anti-American terrorism mayhem case" instead of a medical malpractice case. The Court is not aware of any federal statute that would permit plaintiff to sue a Taiwanese physician for such a claim.

Second, the Court does not have venue of plaintiff's claims. As he does not identify any federal statute, the Court will treat the complaint as a diversity case, that is, a case between a citizen of California and a foreign citizen. Venue of such a case is proper in this Court only if (1) the defendant resides in this district, (2) "a substantial part of the events or omissions giving rise to the claim occurred" in this district, or (3) the defendant is subject to personal jurisdiction in this district or is otherwise found in this district. 28 U.S.C. § 1391(a), (b). The complaint makes it obvious that the first two conditions do not apply.

The complaint also demonstrates that this Court does not have personal jurisdiction of defendant, a Taipei surgeon. Personal jurisdiction can be either "general" or "specific." Data Disc, Inc. v. Systems Technologies Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). The basic rule is that the defendant must have certain minimal contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. See Data Disc, 557 F.2d at 1287 (citing International Shoe Co. v. Washington, 326 U.S. at 316. In either case, plaintiff bears the burden of showing that personal jurisdiction is proper. See Fields v. Sedgwick Assoc. Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986).

If a defendant's activities in the forum (here, California) were "substantial," or "continuous and systematic," the Court may assert personal jurisdiction as to any cause of action filed against defendants, regardless of whether the cause of action is related to

2

defendants' activities in the state. Data Disc, 557 F.2d at 1287. In the Ninth Circuit, "the level of contact with the forum . . . necessary to establish general jurisdiction is quite high." Shute v. Carnival Cruise Lines, 897 F.2d 377, 380 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585 (1991). The Ninth Circuit has noted that

> [t]he Supreme Court has upheld general jurisdiction only once. . . . Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 (1952). We have stated that "the Perkins holding that the cause of action need not arise out of the defendant's activities in the forum is limited to its unusual facts . . . , and regularly have declined to find general jurisdiction even where the contacts were quite extensive.

Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc., 1 F.3d 848, 851 n.3 (9th Cir. 1993).

Plaintiff alleges that defendant did some medical training in California in 1979 and 1980, and that prior to 1998, he would annually attend a medical conference in San Francisco. Such allegations, assuming they are true, are insufficient to establish general jurisdiction of defendant. Plaintiff also seeks discovery of defendant's immigration records; presumably he wants to verify when defendant has visited California. Again, defendant's visits to California do not establish general jurisdiction over him in California.

The Ninth Circuit employs a three-part test in determining whether there is specific jurisdiction: "(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;" (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Data Disc, 557 F.2d at 1287. The test is not to be applied mechanically, but "instead must focus on the relationship among the defendant, the forum, and the litigation within the particular factual context of each case." Core-Vent Corp. v. Novel Indus. AB, 11 F.3d 1482, 1487 (9th Cir. 1991)(citing Calder, 465 U.S. at 789).

Plaintiff's claims arise from conduct that occurred in Taipei. Plaintiff does not allege that defendant did any act in this forum that gives rise to his claims. According to the complaint, plaintiff was treated by defendant because plaintiff was performing his medical internship in Taipei. That defendant has presented posters of his research and work in

California does not confer specific jurisdiction of plaintiff's claims.  Plaintiff's complaint also establishes that defendant cannot be currently "found" in this district.

Finally, the Court notes that while plaintiff does not identify a specific statute or common law pursuant to which he brings his claim, any claim is likely to be barred by the statute of limitations.  The conduct of which he complains appears to have occurred in the 1980's and he alleges that a newspaper published an article about defendant's "malicious conduct" in 1998.  He also has attached numerous medical records to his complaint which document the problems that plaintiff has had as a result of his surgery.

For all these reasons, plaintiff's complaint–which he seeks to file without the payment of costs–is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: August 4, 2005

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE